UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
TINEO JAVIER,

                Plaintiff,

      -against-

MTGLQ INVESTORS, L.P.; HON. JAMES C.
HUDSON; SUFFOLK COUNTY SHERIFF'S
OFFICE,

                Defendants.
-------------------------------------------------------------x

**MEMORANDUM AND ORDER**
19-CV-2555 (AMD) (LB)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ MAY 2 2019 ★

BROOKLYN OFFICE

**ANN M. DONNELLY, United States District Judge**:

      The *pro se* plaintiff challenges the Honorable James C. Hudson's decision not to stay the plaintiff's eviction proceeding and seeks a temporary restraining order or a preliminary injunction.[1] (ECF No. 1.) The plaintiff asserts that this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. (ECF No. 1 at 3.) For the reasons that follow, the complaint is dismissed for lack of subject matter jurisdiction, and the plaintiff's request for injunctive relief is denied as moot.

## BACKGROUND

      The plaintiff alleges that he was evicted from his home in Brentwood, New York, after a foreclosure judgment was entered against him. (ECF No. 1 at 4.) On April 17, 2019, the plaintiff filed an emergency order to show cause seeking to stay his eviction in New York Supreme Court, Suffolk County. (*Id.*) By order dated April 17, 2019, Judge Hudson directed MTGLQ Investors to show cause why the court should not stay the plaintiff's eviction; Judge Hudson did not stay the "judgment of foreclosure and sale and the subsequent sale and transfer of deed and enforcement thereof." (ECF No. 3-1 at 7.) Judge Hudson scheduled a hearing on

---

[1] The plaintiff also filed a request to proceed *in forma pauperis,* which is granted. (ECF No. 2.)

1

the plaintiff's order to show cause for May 1, 2019. (*Id.*) On May 1, 2019, the plaintiff filed this complaint and an application for injunctive relief, seeking a mandamus hearing "to review the constitutional violation of plaintiff's rights" in the eviction proceedings, the "immediate relief of repossession" of his home, and monetary damages. (ECF Nos. 1 at 4, 3-1 at 3.)

## LEGAL STANDARD

Because the plaintiff is proceeding *pro se*, I construe his pleadings liberally, and interpret his complaint to raise the strongest arguments it suggests. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009); *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999). Nevertheless, a *pro se* plaintiff "must still comply with the relevant rules of procedural and substantive law, including establishing that the court has subject matter jurisdiction over the action." *Wilber v. U.S. Postal Serv.*, No. 10-CV-3346, 2010 WL 3036754, at *1 (E.D.N.Y. Aug. 2, 2010) (quoting *Ally v. Sukkar*, 128 F. App'x 194, 195 (2d Cir. 2005)).

Federal courts are courts of limited jurisdiction and cannot preside over cases unless they have subject matter jurisdiction. *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 552 (2005); *Frontera Resources Azerbaijan Corp. v. State Oil Co. of Azerbaijan Republic*, 582 F.3d 393, 397 (2d Cir. 2009). The requirement of subject matter jurisdiction cannot be waived, *United States v. Cotton*, 535 U.S. 625, 630 (2002), and its absence may be raised at any time by a party or by the court *sua sponte*. *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434, (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."). Federal jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when the plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332. The plaintiff bears the burden of establishing that the district court has subject matter jurisdiction over

the action. *See Ally*, 128 F. App'x. at 195; *Smith v. Spectrum Brands Inc.*, No. 17-CV-6989, 2018 WL 718378, at *2 (E.D.N.Y. Feb. 5, 2018). When a court does not have subject matter jurisdiction, dismissal is mandatory. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006); *see also* Fed. R. Civ. P. 12(h)(3).

Pursuant to 28 U.S.C. § 1915(e)(2)(B), a court must dismiss an *in forma pauperis* action if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

## DISCUSSION

The *Rooker-Feldman* doctrine stands for "the clear principle that federal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments." *Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 84 (2d Cir. 2005). The *Rooker Feldman* doctrine does not allow parties "complaining of injuries caused by state-court judgments" to appeal to lower federal courts to "review and reject[] those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The Second Circuit has articulated four requirements for the application of the *Rooker-Feldman* doctrine:

> First, the federal-court plaintiff must have lost in state court. Second, the plaintiff must complain of injuries caused by a state-court judgment. Third, the plaintiff must invite district court review and rejection of that judgment. Fourth, the state-court judgment must have been rendered before the district court proceedings commenced—*i.e., Rooker-Feldman* has no application to federal-court suits proceeding in parallel with ongoing state-court litigation.

*Hoblock*, 422 F.3d at 85 (internal citations omitted).

Courts in this Circuit have consistently held that any attack on a state court judgment of foreclosure is barred by the *Rooker–Feldman* doctrine. *See, e.g., Worthy-Pugh v. Deutsche Bank National Trust*, 664 F. App'x 20, 21 (2d Cir. 2016) (summary order) (district court lacks jurisdiction to invalidate a foreclosure judgment); *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 427 (2d Cir. 2014); *Garvin v. Bank of N.Y.*, 227 F. App'x 7, 8 (2d Cir. 2007) (same); *see also Dessisso v. Fenton*, No. 18-CV-2801, 2018 WL 2604822, at *2 (E.D.N.Y. June 4, 2018); *Lao Teh Hung v. Hurwitz*, No. 17-CV-4140, 2017 WL 3769223, at *2 (E.D.N.Y. Aug. 29, 2017). The plaintiff seeks relief from a state court judgment of foreclosure that was decided against him before he filed the complaint in this action. Therefore, *Rooker-Feldman* applies, and this Court does not have jurisdiction over the plaintiff's claims.

## CONCLUSION

The Court lacks subject matter jurisdiction over the plaintiff's claims. Accordingly, the complaint is dismissed without prejudice pursuant to Fed. R. Civ. P. 12(h)(3). The plaintiff's request for injunctive relief is denied as moot. The Clerk of Court is respectfully directed to enter judgment.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, and therefore, *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

                                                    s/Ann M. Donnelly
                                                    _____
                                                    ANN M. DONNELLY
                                                    United States District Judge

Dated: Brooklyn, New York
        May 2, 2019